**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 10-32093** |
| **Pacific Avenue, LLC, et al.,**[1] | **CHAPTER 11** |
| **Debtors.** | Jointly Administered[2] |

**DEBTORS' MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL, PAYROLL TAXES, EMPLOYEE BENEFITS AND OTHER RELATED EXPENSES**

Pacific Avenue, LLC ("Pacific Avenue"), and Pacific Avenue II, LLC ("Pacific Avenue II"), debtors and debtors-in-possession in the above-captioned case (the "Debtors" and "Debtors-in-Possession"), hereby present their *Debtors' Motion for Authority to Pay Pre-Petition Payroll, Payroll Taxes, Employee Benefits and Other Related Expenses* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction to determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 105(a) and 507(a)(4) of the Bankruptcy Code.

2. No previous request for the relief requested herein has been made to this Court or to any other court.

**BACKGROUND**

[1] These jointly administered cases are those of the following debtors: Pacific Avenue, LLC and Pacific Avenue II, LLC, Case numbers 10-32093 and 10-32095, respectively.

[2] Contemporaneously with this Motion, the Debtors have filed a Motion for Joint Administration seeking to jointly administer the Debtors' cases with the case of Pacific Avenue, LLC serving as the lead case.

3. On July 22, 2010 (the "Petition Date"), the Debtors filed voluntary petitions in this Court seeking relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner or statutory committee has yet been appointed in these Chapter 11 cases.

5. Together, as tenants-in-common, the Debtors own and operate the EpiCentre, a mixed-use commercial development consisting of approximately 302,000 rentable square feet of office and retail/entertainment space, plus an underground parking deck, located at 210 E. Trade St. in the city block surrounded by the light rail line, Fourth Street, College Street, and Trade Street in uptown Charlotte, North Carolina (the "Property").[3] The Debtors have operated the EpiCentre jointly, as one venture, without regard to their separate ownership interests.

**RELIEF REQUESTED**

6. The Debtors seek authority pursuant to Sections 105(a) and 507(a)(4) of the Bankruptcy Code to pay certain pre-petition obligations to its full-time, part-time, and independently contracted employees (collectively, the "Employees"). As more fully described below, depending upon the nature of the employment, pre-petition obligations to employees include: (a) amounts owed to the Employees for regular wages and salaries ("Employee Compensation"); (b) reimbursement for typical and reasonable expenses incurred by certain Employees for cell phones (the "Employee Benefits"); and (c) with respect to certain Employees, federal and state payroll related taxes, deductions, and withholdings (the "Third-Party Fees").

---

3 Pacific Avenue II, LLC owns a 88% undivided interest in the Property, and Pacific Avenue, LLC owns a 12% undivided interest.

7. Employee Compensation. Through Lincoln Harris, LLC ("Lincoln Harris"), the entity that the Debtors contract with to manage the Property, the Debtors employ three employees to oversee and manage certain aspects of their operations (the "Regular Employees").[4] The obligations due to each group of Employees as of the Petition Date are more specifically described below.

a. The three Regular Employees were owed approximately $1,938.56 in unpaid wages as of the Petition Date. The Regular Employees receive salaries that are paid twice each month, on the 15th and the last day of the month. Salary payments to the Regular Employees are handled through the payroll service, Paychex. The Regular Employees were last paid on or about July 15, 2010, and payments through July 15, 2010 were made at that time. As of the petition date, the Regular Employees will be owed for work performed between July 16 and July 21, 2010. Taxes are withheld from Regular Employee's pay checks. Regular Employees receive *de minimus* expenses allowances of $50 for cell phone use. A schedule showing the pre-petition obligations of the Debtors to these employees is attached hereto as Exhibit A.

d. Scott Cook, the CFO of the Debtors, through his limited liability company TGC Capital, LLC, is paid once per month, generally in the last week of the month. Payments are made directly by the Debtors. TGC Capital receives no benefits and no taxes are withheld from this compensation. TGC Capital was last paid on or about June 30, 2010 and payments through June 30, 2010 were made at that time. TGC Capital is owed $7,451.61 for the period of July 1, 2010 through July 21, 2010.

---

[4] One such employee manages marketing, event planning and advertising for the Property; another provides engineering, architectural, as spatial design services; and a third handles maintenance for the Property.

8. The Debtors' believe that, notwithstanding Section 507(a) of the Bankruptcy Code, it is essential that the Employees be brought current in the wages and salaries owed in order to ensure the stability of the Debtors' operations and prevent employee attrition.

**BASIS FOR RELIEF REQUESTED**

9 Absent the relief requested herein, the Employees will suffer undue hardship because they will be unable to meet their financial obligations and to maintain the health insurance benefits. If the requested relief is not granted, many of the Employees may, by necessity, seek other employment alternatives. The Debtors' ability to preserve their business and assets and ultimately reorganize will be adversely affected if the Debtors are unable to retain their dedicated and loyal Employees. Accordingly, it is critical that the disruption caused by this Chapter 11 proceeding be minimized in order to preserve morale and maintain the Debtors' workforce.

10. The Debtors believe that they will have sufficient cash from ongoing operations through the continued use of cash collateral to pay all amounts provided for herein as they come due.

11. Further, the Debtors maintain that the majority of the amounts they seek to pay are entitled to priority claim status pursuant to Section 507(a)(4) of the Bankruptcy Code. As such, these claims would be entitled to payment in full through any plan of reorganization. Authorizing the Debtors to make these payments at this time will affect only the timing of such payments. To the extent that such claims are not entitled to priority claim status, their payment is justified pursuant to the "necessity of payment" doctrine.

12. Section 105(a) of the Bankruptcy Code permits courts to authorize debtors to pay certain pre-petition claims where such payment was necessary to ensure uninterrupted operation

of the debtor's business activities, including claims similar to the pre-petition compensation and benefits described in this Motion.

13. Specifically, the relief requested here is supported by the necessity of payment doctrine. *See In re Chateaugay Corp.*, 80 B.R. 279, 281 (S.D.N.Y. 1987); *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989). The necessity of payment doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). In *Ionosphere Club*, the court permitted Eastern Air Lines to pay its employees' pre-petition wages, salaries, medical benefits, and business expense claims. 98 B.R. at 174. Relying on the court's equitable powers and the necessity of payment doctrine, the court permitted such payments so that the debtor could retain its employees and maintain positive morale—two factors critical to the debtor's rehabilitation. *Id.* (citation omitted).

14. Other courts also have permitted debtors-in-possession to pay pre-petition wage, salary, commission, expense, and benefit claims on the grounds that payment of pre-petition claims was necessary to effectuate a successful reorganization. *See Chateaugay Corp.*, 80 B.R. at 279 (approving bankruptcy court order authorizing debtor to pay certain pre-petition wages, salaries, employee reimbursement expenses and benefits, including payments on workers' compensation claims).

15. In this case, it is essential to the Debtors' ability to continue to operate their business and to ultimately reorganize that the Employees continue to provide services to the Debtors. To accomplish these ends, it is important that the Debtors' Employees be paid without

interruption and that the Debtors continue to honor its pre-petition practices and policies with respect to its employees.

20. The Debtors' request for authority to pay Employee Benefits is not to be deemed an assumption or adoption of any agreements or policies providing for such benefits. The Debtors are in the process of reviewing these matters and reserve all rights with respect to the assumption or rejection of executory contracts.

**NOTICE**

21. Notice of this Motion has been given to (i) the top twenty holders of general unsecured claims against Pacific Avenue; (ii) the top twenty holders of general unsecured claims against Pacific Avenue II; (iii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (iv) counsel for Regions Bank, the administrator for the Debtors' bank group creditors; and (v) secured creditors Preferred Parking Service, LLC and US Bank NA.

WHEREFORE, the Debtors pray that the Court will enter an Order authorizing payment of pre-petition payroll, payroll taxes, employee benefits, and other related expenses and granting such further relief as is just and proper.

This is the 22nd day of July, 2010.

**GRIER FURR & CRISP, PA**

*s/ Joseph W. Grier, III*
Joseph W. Grier, III (State Bar No. 7764)
A. Cotten Wright (State Bar No. 28162)
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Phone: 704.375.3720; Fax: 704.332.0215
jgrier@grierlaw.com
cwright@grierlaw.com
*Counsel for the Debtors*

EXHIBIT A
ALL-STATE LEGAL

# PAYROLL JOURNAL

(Prior to Processing)

0033 1700-3671 Pacific Avenue LLC

| EMPLOYEE NAME / ID | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | WITHHOLDINGS | | DEDUCTIONS | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|---|
| **** 100 PAYROLL | | | | | | | | | | |
| Bray, Samuel A 11 | Regular | | | 369.28 | | Social Security | 22.90 | | Readychex # Unknown | |
| | | | | | | Medicare | 5.35 | | **Check Amt** | 314.31 |
| | | | | | | Fed Income Tax | 11.72 | | | |
| | | | | | | NC Income Tax | 15.00 | | | |
| | EMPLOYEE TOTAL | | | 369.28 | | | 54.97 | | Net Pay | 314.31 |
| Hood, Jason 8 | Regular | | | 953.92 | | Social Security | 59.14 | | Direct Deposit # Unknown | |
| | Cell Phone Reimb | | | | * 50.00 | Medicare | 13.83 | | **Check Amt** | 0.00 |
| | | | | | | NC Income Tax | 32.00 | | Chkg 4158 | 898.95 |
| | EMPLOYEE TOTAL | | | 953.92 | 50.00 | | 104.97 | | Net Pay | 898.95 |
| Hudgens, Emily N 10 | Regular | | | 615.36 | | Social Security | 38.15 | | Direct Deposit # Unknown | |
| | Cell Phone Reimb | | | | * 50.00 | Medicare | 8.92 | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 22.57 | | Chkg 8851 | 566.72 |
| | | | | | | NC Income Tax | 29.00 | | | |
| | EMPLOYEE TOTAL | | | 615.36 | 50.00 | | 98.64 | | Net Pay | 566.72 |
| **COMPANY TOTALS** *3 Person(s)* *3 Transaction(s)* | Regular | | | 1,938.56 | | Social Security | 120.19 | | **Check Amt** | 314.31 |
| | Cell Phone Reimb | | | | 100.00 | Medicare | 28.10 | | Dir Dep | 1,465.67 |
| | | | | | | Fed Income Tax | 34.29 | | | |
| | | | | | | NC Income Tax | 76.00 | | | |
| | COMPANY TOTAL | | | 1,938.56 | 100.00 | | 258.58 | Employee taxes | Net Pay | 1,779.98 |
| | | | | | | *Employer Liabilities* | | | | |
| | | | | | | Social Security | 120.19 | | | |
| | | | | | | Medicare | 28.10 | | | |
| | | | | | | NC Unemploy | 4.43 | | | |
| | | | | | | TOTAL EMPLOYER LIABILITY | 152.72 | | | |
| | | | | | | TOTAL TAX LIABILITY | 411.30 | | | |

Pay July 16 - end of day Wed July 21, 2010.

* Includes total $50 Reimbursement for the pay period.

Net pay $1,779.98
Employee tax 258.58
Employer tax 152.72
Cash requirements $2,191.28

0033 1700-3671 Pacific Avenue LLC
Run Date 07/20/10 04:18 PM

Period Start - End Date 07/16/10 - 07/31/10
Check Date 07/30/10