

FILED & JUDGMENT ENTERED
David E. Weich

Jul 26 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re: | CASE NO. 10-32093 |
| Pacific Avenue, LLC, et al.,[1] | CHAPTER 11 |
| Debtors. | Jointly Administered[2] |

### ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES FOR REQUESTS FOR ADDITIONAL ASSURANCE OF PAYMENT

Upon the motion (the "Motion") filed by Pacific Avenue, LLC ("Pacific Avenue"), and Pacific Avenue II, LLC ("Pacific Avenue II"), debtors and debtors-in-possession in the above-captioned case (the "Debtors"), for entry of an Order, pursuant to Sections 105(a) and 366 of the Bankruptcy Code, (i) prohibiting utility providers from altering, refusing, or discontinuing service; (ii) deeming utilities adequately assured of future performance; and (iii) establishing procedures for requests for additional adequate assurance of payment; and it appearing that the relief requested by this Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and after due deliberation and sufficient cause appearing therefore:

---

[1] These jointly administered cases are those of the following debtors: Pacific Avenue, LLC and Pacific Avenue II, LLC, Case numbers 10-32093 and 10-32095, respectively.

[2] Contemporaneously with this Motion, the Debtors have filed a Motion for Joint Administration seeking to jointly administer the Debtors' cases with the case of Pacific Avenue, LLC serving as the lead case.

IT IS HEREBY ORDERED that:

1) The Motion is GRANTED;

2) The Debtors are hereby authorized to furnish post-petition deposits to their utility providers in amounts approximately equal to one billing unit, as more particularly defined in Exhibit A attached to the Motion;

3) The Debtors are hereby authorized pay each utility bill incurred by the Debtors in their ordinary course of business after the Petition Date;

4) The furnishing of post-petition deposits and continued payment of utility bills as set forth in this Order provides adequate assurance of payment to the Debtors' utility providers under Section 366 of the Bankruptcy Code;

5) The Debtors' utility providers are hereby prohibited from discontinuing service by reason of any pre-petition default in payment for utility services or default by reason of the filing of the bankruptcy petition in this case;

6) The following procedures shall be followed by the Debtors' utility providers in order to request any additional adequate assurance of future payment:

    a. Any request for additional assurance in the form of additional deposits or other security

        (i) must be made in writing;

        (ii) must include a summary of the relevant Debtor's payment history relevant to the affected account(s); and

        (iii) must be received by Debtors' counsel within thirty (30) days of the date of service hereof (the "Deposit Request Deadline") at the following address:

      Grier Furr & Crisp, PA
      Attn. Pacific Avenue, LLC
      101 North Tryon Street, Suite 1240
      Charlotte, NC 28246.

  Any request for additional adequate assurance of payment failing to meet these requirements shall be deemed an invalid adequate assurance request.

b.  If the Debtors determine, in their sole discretion, that a request for additional adequate assurance made by a utility provider is reasonable and satisfies the requirements set forth above, the Debtors are authorized, but not obligated, to provide such adequate assurance without further order of this Court.

c.  If the Debtors believe that a request for additional adequate assurance made by a utility provider, which otherwise satisfies the requirements set forth above, is unreasonable, and the Debtors are unable to resolve the request consensually with the utility provider, then upon the request of the utility provider (the "Request"), the Debtor shall promptly file a motion for determination of adequate assurance of payment and set such motion for hearing (the "Determination Hearing") at the next regularly-scheduled case hearing occurring more than twenty (20) days after the date of the Request, unless another hearing date is agreed to by the parties or ordered by the Court.

d.  Any utility provider having made a request for additional adequate assurance of payment shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a request finding that the utility provider is not adequately assured of future payment; and

7) The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |