

FILED & JUDGMENT ENTERED
David E. Weich

Sep 02 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | CASE NO. 10-32093 |
| Pacific Avenue, LLC, et al., | CHAPTER 11 |
| Debtors. | Jointly Administered |

ORDER ON DEBTORS' APPLICATION TO EMPLOY
JAMES MCELROY & DIEHL, P.A AND
THE RESPONSE BY REGIONS BANK

This matter came on for hearing on August 25, 2010 on the *Application for Order Authorizing the Employment of James McElroy & Diehl, P.A.* (the "Application") filed by the Pacific Avenue, LLC and Pacific Avenue II, LLC (the "Debtors"), through counsel, and the *Response by Regions Bank to Application for Order Authorizing the Employment of James McElroy & Diehl, P.A.* (the "Objection") filed by Regions Bank, through counsel. The Court, having reviewed the Application and the Objection, considered the arguments of counsel, and the record in this case finds and concludes as follows:

The following facts pertinent to Regions Bank's objection are not in dispute between the parties and are accepted as the basis for the Court's determination of the objection:

1

1. The Debtors filed their voluntary petitions for relief pursuant to chapter 11 of the United States Bankruptcy Code on July 22, 2010 (the "Petition Date").

2. Together, as tenants-in-common, the Debtors own and operate the EpiCentre, a mixed-use commercial development consisting of approximately 302,000 rentable square feet of office and retail/entertainment space, plus an underground parking deck, located at 210 E. Trade St. in the city block surrounded by the light rail line, Fourth Street, College Street, and Trade Street in uptown Charlotte, North Carolina (the "Property").[1] The Debtors have operated the EpiCentre jointly without regard to their separate ownership interests.

3. Section 3.1 of the Deed of Trust, Assignment of Rents and Security Agreement recorded on May 15, 2005, at Book 18734, Page 85, of the Mecklenburg County Public Registry, as amended from time to time thereafter (the "Deed of Trust"), provides that the Debtors assigned to Regions Bank all rents and all of their interest in the leases at the Epicenter project; Regions Bank in turn granted to the Debtors a license to collect the property rents and revenues and a further license to use the collected rents and revenues for the ordinary and necessary expenses of ownership and operation of the Epicentre and the license so granted was, by the terms of the assignment, automatically terminated upon default by the Debtors under the assignment and the related loan documents.

4. Regions Bank declared defaults under the Deed of Trust and related loan documents on three occasions, by letters dated January 19, 2010, February 3, 2010, and May 7, 2010. In each letter, Regions Bank stated that, "the Lenders have elected not to exercise any of their rights and remedies under the Loan Agreement or the other Loan Documents...." The promissory note and loan secured by the Deed of Trust, Assignment of Rents and Security Agreement matured by their terms on May 5, 2010.

---

[1]    Pacific Avenue II, LLC owns a 88% undivided interest in the Property, and Pacific Avenue, LLC owns a 12% undivided interest.

2

5. After the Debtors' several defaults and after the maturity of the loan, Regions Bank did not notice the lessees at the EpiCentre to make payment of rent directly Regions Bank or place any restrictions on the Debtors' use of property rents and revenues not already contained in the loan documents.

6. By letter dated June 21, 2010, Regions Bank provided the Debtors notice that it was instructing a substitute trustee under the Deed of Trust to commence proceedings to foreclose the Deed of Trust.

7. On July 15, 2010, Regions Bank commenced foreclosure proceedings in Mecklenburg County Superior Court. By pleadings served on July 19 and served on July 20, 2010, Regions Bank additionally sought the appointment of a receiver to take possession of the EpiCenter and the revenues derived therefrom. The foreclosure and receivership proceedings were stayed by the commencement of the Debtors' cases of Chapter 11 cases on July 22, 2010.

8. On or about June 16, 2010, the Debtors paid James, McElroy & Diehl ("JMD") the sum of $25,000, to be held by the firm as a retainer for representation in connection with a potential claim by the Debtors against Regions Bank. On June 30, 2010, JMD deducted $3,560.00 in fees and expenses from the retainer and forwarded the balance, $21,440.00 to the firm of Johnston Allison & Hord to fund partially an escrow account at that firm. On or about July 13, 2010, at the request of the Debtors, the firm of Johnston Allison & Hord delivered to the firm of James, McElroy & Diehl ("JMD") the sum of $21,440.00 to be held by the firm as a partial retainer for representation in connection with a lawsuit to be filed by the Debtors against Regions Bank. The retainer at all times was to be held as security for JMD's fees and expenses, as earned and incurred, in connection with such representation.

9. On or about July 20, 2010, the Debtors filed suit against Regions Bank in Mecklenburg County Superior Court (the "Lender Suit"). The Lender Suit has been since removed to this Court, where it is now pending as Adversary No. 10-30332.

10. On or about July 21, 2010, the Debtors delivered to JMD the sum of $100,000.00 as an additional retainer for representation in connection with the Lender Suit. As with the earlier amount, this retainer was to be held as security for JMD's fees and expenses, as earned and incurred, in connection with such representation.

11. The retainers delivered to JMD were proceeds of rents and other revenues from the leases and operations of the EpiCentre and were collected by the Debtors after Regions Bank had declared the loan to the Debtors in default.

Based on the foregoing facts, the Court makes the following determinations and conclusions:

1. The Debtors' proposed retention of JMD should be approved, but the Objection should be sustained with respect to application of the Retainer to JMD's fees and expenses.

2. Regions Bank's rights in the post-default rents and revenues from the EpiCentre and the proceeds therefrom are governed by N.C.Gen.Stat. §47-20 and not by the provisions of the Uniform Commercial Code as adopted in North Carolina.

3. Under applicable non-bankruptcy law, the funds delivered to James, McElroy & Diehl as retainers and held in the firm's trust account as of July 22, 2010, remained property of the Debtors until such time as fees and expenses payable from such retainers had been earned, incurred, billed and charged against the retainers, and therefore such funds, subject to the interest of James, McElroy & Diehl, became property of the Debtors' bankruptcy estates on the petition date.

4. Under applicable non-bankruptcy law, as of the petition date James, McElroy & Diehl held a security interest in the retainers but did not have any greater right or interest in such funds.

5. By virtue of the Debtors' defaults under the Deed of Trust, Assignment of Rents and Security Agreement and the associated promissory note and loan agreements, and pursuant to N.C.Gen.Stat. §47-20 Regions Bank held, at the time the retainers were delivered to James, McElroy & Diehl, as of the petition date, and continuing to the present, a fully perfected and enforceable security interest in the retainers which was senior in right and title to any interest acquired by James, McElroy & Diehl.

6. By virtue of N.C.Gen.Stat. §47-20, Regions Bank was required to take no action after the Debtors' various defaults to enforce, perfect, render choate, or otherwise activate its right to the funds held by James, McElroy & Diehl as retainers.

7. Regions Bank's failure to exercise, after the Debtors' defaults, any remedies permitted by law or by the governing loan documents prior to the commencement of foreclosure and receivership proceedings on July 19, 2010, did not constitute a waiver or forfeiture of the Bank's fully perfected and enforceable interest in the funds delivered to James, McElroy & Diehl as retainers.

8. By virtue of the recording of the Deed of Trust, James, McElroy & Diehl was on notice of Regions Bank's rights under the Deed of Trust, including, without limitation, the provisions of Section 3.1 thereof.

9. Use by the Debtors of collected rents and revenues from the EpiCentre to fund

retainers in order to secure representation in connection with the Lender Suit was not an ordinary and necessary expense of ownership and operation of the EpiCentre within the scope of the pre-default license granted to the Debtors under the Deed of Trust, and funding the retainers from rents and revenues derived from the EpiCentre was in violation of the parties' agreements and Regions Bank's rights in such funds.

10. Any interest in the retainers claimed by James, McElroy & Diehl is subordinate and inferior to the senior, fully enforceable and perfected interest of Regions Bank in such retainers.

11. The Retainer should be deposited in the escrow account for the Debtors, maintained by Joseph W. Grier, III, for funding taxes and insurance expenses for the Property, pending disbursement pursuant to the consent of the Debtors and Regions Bank or an order of the Court.

12. In reaching this decision, the Court is mindful of the Debtors' request for additional time to review certain case law opinions cited by counsel for Regions Bank that are not available to Debtors' counsel. Accordingly, upon the proper request from the Debtors, the Court will reconsider its decision with respect to the Objection and the use of the Retainer to fund JMD's fees and expenses in representing the Debtors.

IT IS, THEREFORE, ORDERED that:

1) The Application is ALLOWED in that the Debtors' retention of James McElroy & Diehl, P.A. is APPROVED;

2) The Objection is SUSTAINED as to the use of the Retainer;

3) The Retainer shall be deposited in the escrow account for the Debtors', maintained by Joseph W. Grier, III, for funding taxes and insurance expenses for the Property, to be disbursed pursuant to the consent of the Debtors and Regions Bank or pursuant to an order of this Court; and

    4)      Upon proper request, the Court will reconsider the basis for this Order.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |