FILED & JUDGMENT ENTERED
David E. Weich

Oct 01 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                                )
                                      )    Chapter 11
PACIFIC AVENUE, LLC,                  )    Case No. 10-32093
                                      )    Jointly Administered
           Debtor.                    )
_____)

**ORDER DENYING DEBTORS' MOTION FOR SUPPLEMENTAL ORDER
EXPANDING EMPLOYMENT OF JAMES, McELROY & DIEHL, P.A.**

**THIS MATTER** came on for hearing before the Court on September 29, 2010, upon the *Motion for Order Supplementing Order on Debtors' Application to Employ James McElroy & Diehl, P.A.* (Dkt. No. 129, filed 09/21/2010) (the "Supplemental Application") and the objection thereto filed by Regions Bank (Dkt. No. 143, filed 09/24/2010) (the "Objection"). Based upon the Supplemental Application, the Objection and the record in this case, the Court makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact and Conclusions of Law*

1.  Pursuant to an application under 11 U.S.C. §327(e) (Dkt. No. 31, filed 08/03/2010) and previous order of this Court (Dkt No. 89, entered 09/02/2010), the Debtors have employed James McElroy & Diehl, P.A. ("JMD"), as counsel for the Debtors for the specified

CHAR2\1274750v1

special purpose of representing the Debtors in pending Adversary Proceeding No. 10-03223, in which the Debtors are asserting certain claims against Regions (the "Civil Action").

2. In the Supplemental Application, the Debtors sought to employ JMD under Section 327(a) for various other matters – namely (i) litigation of the Examiner Contested Matter (as defined in the Supplemental Application) and (ii) other "future, discrete matters" in the bankruptcy cases. At the hearing, the Debtors alternatively suggested employing JMD under Section 327(e) for the specified special purpose of litigation of the Examiner Contested Matter.

3. JMD has filed disclosures of compensation (Dkt. No. 122, filed 09/16/2010, and Dkt. No. 141, filed 09/24/2010) which indicate that JMD has received from The Ghazi Company LLC and Cornelson Company (a) payment of $26,259.65 of pre-petition and post-petition fees and expenses in the Civil Action as of September 14, 2010, (b) a $44,000.00 security retainer for future fees and expenses in representing the Debtors in the Civil Action, and (c) an agreement that the two entities would be responsible for all other fees and expenses incurred by JMD in the Civil Action (collectively, the "Civil Action Fee Agreement").

4. Pacific Avenue's Schedule F lists Mr. Cornelson as holding a $1,629,776 unsecured claim and Mr. Ghazi as holding a $384,632 unsecured claim.

5. Pacific Avenue's Statement of Financial Affairs discloses numerous pre-petition transfers (in a total amount which exceeds $600,000) to or for the benefit of Messrs. Cornelson and Ghazi outside the ordinary course of business as part of its Schedule SOFA 10(a).

6. Messrs. Ghazi and Cornelson are direct or indirect equity owners of the Debtors.

7. Messrs. Cornelson and Ghazi also are guarantors of the Debtors' obligations to Regions and are defendants in a pending action seeking payment under the guaranties, Regions Bank v. Afshin Ghazi and George H. Cornelson III, Case No. 3:10-cv-00458-RLV-DSC.

8. In view of the various roles and interests of Messrs. Ghazi and Cornelson in these two bankruptcy cases and as a result of the Civil Action Fee Agreement in the Civil Action, JMD must be deemed not disinterested as required under Section 327(a) and therefore cannot be employed by the Debtors thereunder for the purposes set forth in the Supplemental Application – namely, litigation of the Examiner Contested Matter or other "future, discrete matters" in the bankruptcy cases.

9. The Debtors' alternative suggestion at the hearing of employing JMD instead under Section 327(e) and designating the Examiner Contested Matter as the specified special purpose of such employment also cannot be approved by this Court. Section 327(e) would permit such employment only for "a specified special purpose, other than to represent the trustee in conducting the case." 11 U.S.C. §327(e). Because the Examiner Contested Matter is within the scope of representing the Debtors in conducting these cases, the Debtors cannot invoke Section 327(e) to employ JMD to litigate the Examiner Contested Motion.

NOW, THEREFORE, based upon the record in this case and the foregoing Findings of Fact and Conclusions of Law, and for other good cause shown, the Court hereby **ORDERS** that:

1. The Debtor's request in the Supplemental Application to employ JMD under 11 U.S.C. §327(a) is denied; and

2. The Debtors' alternative oral request at the hearing to employ JMD under 11 U.S.C. §327(e) for the specified special purpose of litigating the Examiner Contested Matter also is denied.

**This Order has been signed electronically. The Judge's signature and Court's seal** appear at the top of the Order.

**UNITED STATES BANKRUPTCY COURT**