FILED & JUDGMENT ENTERED
Christine F. Winchester

Nov 22 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | CASE NO. 10-32093 |
| Pacific Avenue, LLC, et al., | CHAPTER 11 |
| Debtors. | Jointly Administered |

**ORDER APPROVING SETTLEMENT WITH REGIONS BANK AND
EXECUTION OF RELEASE AND GRANTING RELATED RELIEF**

**THIS MATTER** came on for hearing before the Court on November 22, 2010, upon the *Motion for (A) Amendment to Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363: (I) Approving Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief; (B) an Order Approving Settlement With Regions Bank and Execution of Release; and (C) an Order Extending the Debtors' Exclusivity Period* (the "Motion"), the response in support thereof filed by Regions Bank (Dkt. No. 193, filed 011/17/2010) (the "Regions Response") and the response filed by the Unsecured Creditors Committee (Dkt. No. 198, filed 011/19/2010) (the "UCC Response"). Based upon the Motion, the Regions Response, the UCC Response, the arguments of counsel and the record in this case, the Court makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact and Conclusions of Law*

1. Pacific Avenue, LLC ("Pacific Avenue"), and Pacific Avenue II, LLC ("Pacific Avenue II"), debtors and debtors-in-possession in the above-captioned case (the "Debtors"), filed their voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code on July 22, 2010 (the "Petition Date"). (Capitalized terms used but not defined in this Order shall have the meanings assigned to them in the Motion.)

2. Together, as tenants-in-common, the Debtors own and operate the EpiCentre, a mixed-use commercial development consisting of approximately 302,000 rentable square feet of office and retail/entertainment space, plus an underground parking deck, located at 210 E. Trade Street, in the city block surrounded by the light rail line, Fourth Street, College Street, and Trade Street in uptown Charlotte, North Carolina (the "Property"). The Debtors have operated the EpiCentre jointly without regard to their separate ownership interests.

3. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4. On August 24, 2010, the Court entered its *Order Appointing Consolidated Creditors' Committee* appointing a committee of unsecured creditors.

5. The Debtors' major secured creditor is Regions Bank ("Regions"). Regions serves as the administrative agent for certain loans to the Debtors in which Carolina First Bank and Raymond James are participants with Regions. Regions has filed a proof of claim in the Debtors' cases alleging a secured claim in the amount of $93,970,040.76, which appears as Claim No. 13 on the claims register in these cases.

6. On August 26, 2010, the Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363: (I) Approving Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* (the "Cash Collateral Order"). The Cash Collateral Order approved an operating budget through November 30, 2010 enabling the Debtors to continue funding operations. The Debtors have been paying their bills for operating expenses as they come due. At the same time, the Debtors have made monthly adequate protection payments to Regions and have paid into trust certain accrued amounts required for property taxes and insurance.

7. Prior to entry of the Cash Collateral Order, on August 24, 2010, Regions filed its *Motion of Regions Bank Pursuant to 11 U.S.C. § 1104(c) for the Appointment of an Examiner and in the Alternative for the Appointment of a Chapter 11 Trustee* (the "Examiner Motion") (Dkt. No. 71). The Debtors filed an objection to the Examiner Motion on September 13, 2010 (Dkt. No. 110). The Bankruptcy Administrator also responded to the Examiner Motion on September 13, 2010. (Dkt. No. 112). The Creditors' Committee filed a response to the Examiner Motion on September 22, 2010. (Dkt. No. 134). On September 27, 2010, Regions filed a reply to the Debtors' objection to the Examiner Motion. (Dkt. No. 144). The Court is scheduled to hear the Examiner Motion on December 2, 2010.

8. The Debtors' exclusive right to file a plan, as provided in § 1121(b) of the Bankruptcy Code ("Exclusivity Period") was to expire on November 19, 2010, and the period within which the Debtors' have the exclusive right to solicit acceptances pursuant to § 1121((c)(3) of the Bankruptcy Code ("Acceptance Period") was to expire on January 18, 2011. On November 5, 2010, the Debtors filed their *Motion for Extension of Exclusive Period for Filing a Chapter 11 Plan* in which the Debtors requested 30-day extensions of the Exclusivity

3

Period and the Acceptance Period (Dkt. No. 176). On November 18, 2010, the Court entered an order granting that motion. (Dkt. No. 196).

9. Regions has entered into an agreement to sell and assign all of its rights, title and interest under its loan documents to a third party (the "Purchaser"). A condition precedent to such sale to Purchaser is that Purchaser must deliver releases by the Debtors, Afshin Ghazi and George H. Cornelson III in favor of Regions and the participants. The Debtors expect that the Purchaser will withdraw the Examiner Motion upon acquiring the loan from Regions.

10. The Debtors have discussed with Purchaser a possible reorganization of the Debtors upon consensual terms and desire to facilitate Regions' sale of the loan to Purchaser. The Debtors desire to execute and deliver a release in the form of or substantially similar to the "Release Agreement" attached as Exhibit A to the Motion (the "Release"). Claims released thereby would include (a) those claims which the Debtors had asserted in Adv. Pro. 10-03223, which the Debtors previously dismissed without prejudice, and (b) any other potential lender liability claims or other claims that the Debtors may have against Regions or the participants.

11. Regions vigorously disputes such claims and maintains that the Debtors have no probability of success on the merits of such claims. As a result, it appears that the Debtors' further pursuit of such claims would result in lengthy and complex litigation and that resolution of such claims would be prohibitively expensive for the Debtors, with no certainty as to the outcome. Moreover, such extensive litigation likely would delay prospective reorganization of the Debtors, to the detriment of other creditors.

12. Conversely, it appears that the Debtors' execution and delivery of the Release is necessary to enable Purchaser to close the loan sale and would produce substantial benefits to the Debtors and their estates – including the Purchaser's withdrawal of the Examiner Motion,

significantly improved prospects for a consensual reorganization plan supported by the Purchaser as the estates' largest creditor, an immediate reduction (in the approximate amount of $100,000) of the November adequate protection payment and likely reduced levels of future adequate protection payments and elimination of the risk, expense and delays of further litigation of the claims being released. The Debtors' have agreed to the Release in the exercise of their sound business judgment.

13.     In the context of the sale of the loan, consideration of these various factors demonstrates that the Release is fair and equitable, is in the best interests of the Debtors' estates and that the Debtors should be authorized to execute and deliver the Release, subject to the terms and conditions of this Order.

14.     Prior to the hearing on this matter, the Debtors tendered to counsel for the Official Committee of Unsecured Creditors their proposed modified cash collateral order. Counsel for the Official Committee of Unsecured Creditors appeared at the hearing and expressed support for the Motion and for the relief to be granted in this Order.

15.     The Debtors and Regions have agreed that, in the event that the loan sale to the Purchaser does not close by 6:00 P.M. E.S.T. on Monday, November 22, 2010 (the "Closing Deadline"), (a) the Court should conduct a further hearing on November 29, 2010, on those portions of the Motion which seek to modify or extend the terms of the Cash Collateral Order and to extend further the Exclusivity Period and the Acceptance Period, and (b) none of the Findings of Fact or Conclusions of Law set forth in this Order should have any binding or prejudicial effect on the Debtors, Regions or any other party in interest. Such agreed terms are reasonable and appropriate.

16. In the context of the sale of the loan, the Debtors' proposed modifications and extensions of the terms of the Cash Collateral Order appear to be reasonable and appropriate and to be acceptable to the Purchaser. In the event the Purchaser consummates the loan sale by the Closing Deadline, the Court should enter a further Order approving such modifications and extensions of the Cash Collateral Order as requested in the Motion.

17. In the context of the sale of the loan, the Debtors' proposed extensions of Exclusivity Period and Acceptance Period appear to be reasonable and appropriate and to be acceptable to the Purchaser. In the event the Purchaser consummates the loan sale by the Closing Deadline, the Court should enter a further Order extending the Exclusivity Period and Acceptance Period as requested in the Motion.

18. In the event the Purchaser has not consummated the loan sale by the Closing Deadline, no term or provision of this Order should prejudice Regions or any other party with respect to the Court's further consideration of those portions of the Motion which seek to modify or extend the terms of the Cash Collateral Order and to extend further the Exclusivity Period and the Acceptance Period.

19. Under the terms of the Sale Agreement, the Purchaser and Regions Bank would prorate the November 2010 adequate protection payment based upon the date on which the Closing occurs. In order to facilitate the loan sale and on the condition that the loan sale closes, Regions (with the consent of the Purchaser) would reduce the aggregate amount of the adequate protection payment due for November 2010 to $87,000.00 (which represents a reduction of approximately $100,000 from the amount otherwise due pursuant to the Final Cash Collateral Order). The Debtors and Regions have agreed that, in the event the loan sale closes, any order modifying the Final Cash Collateral Order nevertheless must preserve the requirement that the

Debtors timely pay to Regions and Purchaser, on a prorated basis, an adequate protection payment in the amount of $87,000 for November 2010. Such agreement is reasonable and appropriate and should be approved and implemented by this Order.

NOW, THEREFORE, based upon the record in this case and the foregoing Findings of Fact and Conclusions of Law, and for other good cause shown, the Court hereby **ORDERS** that:

1. The Debtors are authorized to execute the Release and to deliver the Release to Purchaser and/or Regions at the closing of the Purchaser's purchase from Regions of the loan documents;

2. Upon the Purchaser's filing with the Court of its Notice of Transfers of Claims, the Court will enter further orders approving the Debtors' proposed modifications and extensions of the terms of the Cash Collateral Order and extending the Exclusivity Period and Acceptance Period, each as requested by the Debtor in the Motion;

3. In the event that the loan sale to the Purchaser does not close by the Closing Deadline, (a) the Court shall conduct a further hearing on November 29, 2010, on those portions of the Motion which seek to modify or extend the terms of the Cash Collateral Order and to extend further the Exclusivity Period and the Acceptance Period, and (b) none of the Findings of Fact or Conclusions of Law set forth in this Order shall have any binding or prejudicial effect on the Debtors, Regions or any other party in interest; and

4. In the event the loan sale closes, any order modifying the Cash Collateral Order nevertheless shall preserve the requirement that the Debtors timely pay to Regions and the Purchaser, on a prorated basis, an adequate protection payment in the amount of $87,000 for November 2010.

**This Order has been signed electronically. The Judge's signature and Court's seal** appear at the top of the Order.

UNITED STATES BANKRUPTCY COURT