**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**PACIFIC AVENUE, LLC,** *et al.*,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 10-32093<br>Jointly Administered[1] |

**MOTION OF BLUE AIR 2010 LLC FOR**
**ORDER TO APPOINT A CHAPTER 11 TRUSTEE FOR LIMITED PURPOSES**

PURSUANT TO 11 U.S.C. § 1104(a)(1) and Rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure, Blue Air 2010 LLC ("**Blue Air**"), a creditor of Pacific Avenue, LLC and Pacific Avenue II, LLC (together, the "**Debtors**"), hereby moves the Court to enter an Order appointing a Chapter 11 trustee for the limited purposes set forth herein. In support thereof, Blue Air shows the Court as follows:

**Preliminary Statement**

1.　Blue Air has discovered several transactions and circumstances revealing a pattern of conduct that can best be described as an orchestrated attempt by the Debtors' principals to prefer insiders and affiliates at the expense of creditors. While the Debtors disclosed the fraudulent transfer of the City of Charlotte reimbursement funds from Pacific Avenue, LLC to EPP College Street, LLC (n/k/a EPF College Street, LLC), the Debtors failed to disclose, among other things: (a) a fraudulent transfer made on the eve of bankruptcy to EpiCentre Theater Partners, LLC ("**Theater**"), an insider of the Debtors, which resulted in the diversion of more than $200,000.00 from the estate, and (b) the alteration of the EpiCentre's property management records and the Debtors' financial records in a manner that resulted in (i)

---

[1] The chapter 11 bankruptcy cases Pacific Avenue, LLC and Pacific Avenue II, LLC, case numbers 10-32093 and 10-32095, respectively, are jointly administered.

the elimination of more than $800,000.00 in past-due rent owed by Theater to the Debtors and (ii) eliminated Theater's common area maintenance and related charges, to the detriment of other tenants at the EpiCentre.

2. As a result of Blue Air's discovery of these and other bad acts, Blue Air cannot support confirmation of the Debtor's plan and intends to file a creditor's plan that preserves key benefits to unsecured creditors that are not affiliates of the Debtors. The conduct of the Debtors and their principals also necessitates the appointment of a Chapter 11 trustee to ensure that the EpiCentre remains open and functioning, to oversee the Debtors' business operations, to preserve the Debtors' assets and to ensure that no further covert transactions with insiders can take place. Blue Air accordingly requests that the Court appoint a Chapter 11 trustee for the Debtors for the limited purposes set forth herein until the earliest of: (i) the date of dismissal of these chapter 11 cases; (ii) the date of the foreclosure by Blue Air or its successor-in-interest on its collateral is final; or (iii) the Effective Date of a creditor's plan filed by Blue Air.

## Jurisdiction

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §157 (b)(2)(A) and (G).

## Background

4. The Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on July 22, 2010 (the "**Petition Date**").

5. On March 25, 2011 the Debtors filed the Joint Consolidated Plan of Reorganization of Pacific Avenue, LLC and Pacific Avenue II, LLC (the "**Debtors' Plan**").

6. The Debtors' Plan has not been confirmed, and the confirmation hearing for the Debtors' Plan is scheduled for November 14, 2011.

## Cause Exists for Appointment of Trustee

7. Section 1104(a)(1) of the Bankruptcy Code authorizes the court to appoint a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause...." 11 U.S.C. § 1104(a)(1).

8. Factors considered by courts in determining whether to appoint a trustee include: (1) the materiality of the misconduct; (2) evenhandedness or lack of same in the debtor's dealings with insiders or affiliated entities; (3) the existence of pre-petition avoidable preferences or fraudulent transfers; (4) the unwillingness or inability of the debtor's management to pursue estate causes of action; (5) conflicts of interest on the part of the debtor's management interfering with its ability to fulfill fiduciary duties to the debtor; and (6) self-dealing by management or waste or squandering of corporate assets. *See In re Intercat, Inc.*, 247 B.R. 911, 921 (Bankr.S.D.Ga. 2000).

9. Each of these factors is present in these administratively consolidated cases. Led by Afhsin Ghazi ("**Ghazi**"), a member and manager of the Debtors, the Debtors executed numerous schemes which transferred and concealed assets of the Debtors and liabilities owed by insiders or affiliates. Among such schemes and misrepresentations are the following:

- In the months leading up to these cases, Ghazi caused the Debtors and the EpiCentre's property management company to alter the Debtors' books and records to eliminate over $827,000.00 in back rent due from Theater, an affiliate of the Debtors owned by Ghazi;

- Ghazi further sought to hide Theater's payment obligations to the Debtors by substituting back-dated lease agreements in the property manager's records and requesting the destruction of prior leases;

- Less than a week before the Petition Date, Ghazi instructed a third party to pay advertising revenues to Theater instead of the Debtors, and the Debtors did not disclose this "transfer";

- The Debtors concealed a lease with Sunset Management Group, LLC ("**Sunset**"), an affiliate of the Debtors;

- The Debtors and Sunset concealed the existence of uncashed rent checks received by Sunset from its subtenant at the EpiCentre; and

- The Debtors concealed cash payments paid by an operator of a food kiosk at the EpiCentre.

10. In view of the foregoing circumstances, it is abundantly clear that cause exists for a trustee to be appointed in these cases for the limited purposes set forth below and there would be no benefit to converting these chapter 11 cases to chapter 7 cases.

**Duties of Trustee**

11. Section 1106(a) of the Bankruptcy Code specifies the duties of a Chapter 11 trustee. Among other provisions, Section 1106(a)(1) provides a trustee shall perform the duties of the trustee as specified in paragraphs (2), (5), (7), (8), (9), (10), (11), and (12) of Section 704; and Section 1106(a)(3) gives the Court direction whether the trustee should be required to conduct an investigation.

12. Blue Air has negotiated with the Official Committee of Unsecured Creditors (the "**Committee**") and Fulcrum Construction, LLC regarding the terms of a creditor's plan of liquidation proposed to be filed by Blue Air. Blue Air expects to be in a position to file and pursue confirmation of such a plan in short order.

13. Based on various factors, including (i) prior work performed by the Debtors' bankruptcy counsel and counsel for the Committee, (ii) Blue Air's investigation of insider transactions and (iii) the terms of the Blue Air's proposed creditor's plan, an appointed trustee will not need to: (a) examine proofs of claims, object to the allowance of any claim or furnish information concerning the estate, which otherwise would be required under Section 704(5) and (7) of the Bankruptcy Code; (b) conduct an investigation; or (c) file a plan or report, or recommend conversion or dismissal, which otherwise would be required under Section 1106(a)(5) (collectively, the foregoing duties are the "**Excluded Duties**").

14. As the performance of such duties would be duplicative and, therefore, wasteful, Blue Air respectfully requests that the Trustee be excused from performing the Excluded Duties.

15. Blue Air requests that only one trustee be appointed for both Debtors because the Debtors' only material asset is the EpiCentre, which the Debtors own as tenants in common.

16. Blue Air hereby stipulates that it will fund the trustee's reasonable fees and expenses, whether from Blue Air's cash collateral or otherwise.

WHEREFORE, Blue Air requests that the Court:

A. Enter an order to appoint a Chapter 11 trustee for the Debtors, with limited duties as discussed in the foregoing Motion, until the earliest of: (i) the date of dismissal of these chapter 11 cases; (ii) the date of the foreclosure by Blue Air or its

      successor-in-interest is final; or (iii) the Effective Date of a creditor's plan filed by Blue Air; and

B.    Grant Blue Air such other and further relief as the Court deems just and proper.

This the 23rd day of October , 2011.

                                                */s/ Bradley E. Pearce*
Bradley E. Pearce
N.C. State Bar No. 18368
Angela Perry
N.C. State Bar No. 38424
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street, Suite 2900
Charlotte, North Carolina 28202
Telephone: (704) 344-3095
Facsimile:  (704) 344-3071
Email:brad.pearce@kattenlaw.com

*Counsel for Blue Air 2010 LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date this paper was served upon each other party or upon his attorney of record by electronic filing via ECF pursuant to the Administrative Order Adopting Electronic Case Filing Procedures of the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, on those parties who are registered to receive electronic notice, or by hand delivery, and by enclosing it in a postpaid, properly addressed wrapper and depositing same in the United States Mail addressed to the following:

| | |
|---|---|
| Joseph W. Grier, III<br>A. Cotten Wright<br>Anna S. Gorman<br>GRIER FURR & CRISP, PA<br>101 North Tryon Street, Suite 1240<br>Charlotte, North Carolina 28246<br><br>*Counsel for Debtors* | Dennis M. O'Dea<br>SFS Law Group<br>9930 Monroe Road, Suite 103<br>Charlotte, NC 28105<br><br>*Counsel for Unsecured Creditors' Committee* |
| Linda Simpson<br>U.S. Bankruptcy Administrator<br>402 W. Trade Street, Suite 200<br>Charlotte, NC 28202-1669 | |

This the 23rd day of October, 2011.

    */s/ Bradley E. Pearce*
Bradley E. Pearce
N.C. State Bar No. 18368
Angela Perry
N.C. State Bar No. 38424
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street, Suite 2900
Charlotte, North Carolina 28202
Telephone: (704) 344-3095
Facsimile: (704) 344-3071
Email:brad.pearce@kattenlaw.com
Email: angela.perry@kattenlaw.com

*Counsel for Blue Air 2010 LLC*