

FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 26 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_/s/ George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re: | ) CASE NO. 10-32093 |
| **Pacific Avenue, LLC, et al.,** | ) CHAPTER 11 |
| Debtors. | ) Jointly Administered |

### ORDER GRANTING TRUSTEE'S MOTION TO DISBAND UNSECURED CREDITORS' COMMITTEE

This matter is before the court on the Chapter 11 Trustee's Motion To Disband Unsecured Creditors' Committee. The court has concluded that the Trustee's Motion should be granted.

### Background

1. On July 22, 2010, Pacific Avenue, LLC and Pacific Avenue II, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The chapter 11 cases have been administratively consolidated for procedural purposes pursuant to an Order issued by this Court dated July 26, 2010.

3.  By entry of an Order dated August 24, 2010, the Committee was appointed pursuant to 11 U.S.C. § 1102.

4.  Pursuant to an Order dated October 12, 2010, the Committee has employed Dennis O'Dea and Christopher M. Vann as counsel.

5.  The Trustee was appointed for the Debtors' estates pursuant to 11 U.S.C. § 1104 in Orders entered on October 31, 2011, and December 12, 2011.

6.  The Trustee owes fiduciary duties to the Debtors' estates and their creditors, as well as those duties set forth in 11 U.S.C. § 1106.

7.  The Trustee filed her Motion, and it was heard on January 25, 2012, with all interested parties represented by counsel at the hearing.

## Discussion

8.  The Bankruptcy Code provides for the appointment of a Committee to represent unsecured creditors in Chapter 11 cases.  11 U.S.C. § 1102.  There is no specific statutory provision for disbanding a creditors' committee, and neither the court nor the parties found any reported cases where that has taken place.

9.  Section 105 of the Code provides the court with a variety of powers including part (d), which provides as follows:

> The court, on its own motion or on the request of a party in interest, (1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, *may* issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically . . . .

11 U.S.C. § 105(d).

2

10.  The court believes that Section 105(d) gives it the authority to disband a creditors' committee and that the circumstances of this case merit such action for several reasons:  The Committee is no longer necessary to protect the interests of its constituency; the administrative expense of the Committee is not justified; and the Committee has appeared to be counter-productive to the process of this case.

*Necessity*

11.  The Committee does not have a stake in the case itself, but in a case such as this one operates as a representative voice for relatively small stakeholders.  As such, its function is largely one of convenience and efficiency.  Though the Committee may take positions on issues, its role is always as representative.  When this case was initiated by the debtors-in-possession, the Committee was the only representative of those interests.

12.  Upon the appointment of the Trustee, that ceased to be the case.  The Trustee has a statutory fiduciary duty to the same unsecured creditors represented by the Committee.  The Trustee is capable of and required to adequately represent the interests of unsecured creditors in these cases.  Consequently, the Committee's representation is duplicative and unnecessary.

13.  It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases.  These cases, although filed pursuant to Chapter 11, are essentially liquidation cases—now administered by a Trustee.  Consequently, as in Chapter 7 cases, the Committee is not necessary to the fair administration of these cases.

14.  The court also notes that the only economically disinterested party, the Bankruptcy Administrator, has supported disbanding the Committee.  In fact, the

Bankruptcy Administrator's "Handbook For Creditors' Committees" provides that a committee should cease to act upon appointment of a trustee.

*Administrative Burden*

15. The Committee counsel is paid out of estate funds. The docket report discloses that to date $220,595.36 has been paid in legal fees and expenses for the Committee. In these cases the secured creditor has a lien on the cash generated by the debtors' operations. Consequently, the Committee's fees are paid out of cash collateral of that creditor. This continued free ride for one group of creditors at the expense of another is an administrative burden that is no longer merited.

*Counter-productivity*

16. Although not essential to this determination, the court believes that the efforts of the Committee have not been effective. The court has observed the dynamic of the multiple parties participating in these cases, and over the past weeks has perceived a marked deterioration in the progress of these cases towards a scheduled confirmation hearing. It appears to the court that a substantial part in that deterioration is caused by the efforts of the Committee. This has manifested itself in discovery matters as "piling on" by repetitive and redundant requests for information. Although the Committee insists that it is working to promote and protect its unique interests, the court is not aware of any way in which that has actually occurred. It appears to the court that the efforts of the Committee have not inured to actually benefit its constituency, but have significantly increased the administrative burden on all other parties. As such, the Committee's efforts have served to hinder rather than advance the very interests it claims to protect—as well as the interests of other parties in these cases.

17. Finally, the court notes that it is simply the Committee that is disbanded—not the interests of the actual unsecured creditors. Those creditors remain parties in interest. The Trustee adequately represents those interests.

It is therefore **ORDERED** that:

1. The Trustee's Motion To Disband Creditors' Committee is granted; and

2. The Official Committee of Unsecured Creditors is hereby disbanded and shall have no further standing in connection with these cases, effective upon the entry of this order.

**SO ORDERED.**

This Order has been signed electronically.　　　United States Bankruptcy Court
The judge's signature and the court's seal
appear at the top of the Order.